UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DANIELLE DUNN,<br>as Personal Representative for<br>the ESTATE OF JONATHAN<br>LANCASTER, | Case No. 2:19-cv-00220<br><br>Hon. Robert J. Jonker<br>Chief U.S. District Judge |
| Plaintiff, | |
| v. | |
| BARBARA L. BEDIENT, et al., | |
| Defendants. | |

_____/

**REPORT AND RECOMMENDATION**

### I.   Introduction

Personal representative Danielle Dunn filed this 18 U.S.C. § 1983 action on behalf of the estate of Jonathan Lancaster, who was a prisoner in the Michigan Department of Corrections (MDOC) and incarcerated in Alger Correctional Facility (LMF). Throughout this lawsuit, Dunn has been represented by Ms. Hannah Fielstra of Ernst Charara & Lovell, PLC (ECL). Dunn alleged that Defendants were deliberately indifferent to Lancaster's urgent medical needs, which resulted in Lancaster's death and the violation of Lancaster's Eighth Amendment rights.

Nine of the remaining Defendants are employed by the MDOC. They are Barbara Bedient, George Wood, Debbie Miller, Paul Zelenak, Nathan Moser, Dennis Smith, John Crane, Donna Kovar, J. Vanoverloop, and Warden Catherine Bauman. They are represented by Assistant Attorney Generals Cori Barkman and Mr. John

1

Thurber. The two other remaining Defendants – Amy Westcomb and Andrew Boudreau – are employed by Corizon Health, Inc. They are represented by Mr. Devlin Scarber and Ronald Chapman of the Chapman Law Group.

On September 25, 2020, Ms. Fielstra, representing Dunn, filed a motion that notified the Court that the parties had settled the case. (ECF No. 42, PageID.671 (motion for leave to settle wrongful death claim and distribute proceeds).) Under the proposed settlement, Defendants will pay $2,600,000 to Dunn and other relatives of the decedent. From that settlement amount, Dunn would pay ECL $865,698.94 plus litigation costs ($2,903.18); ECL would receive $868,602.12 in total.

On July 24, 2020, some two months before Fielstra filed her motion, Geoffrey Fieger and his law firm, Fieger Law, through Attorney Jonathan R. Marko, filed an attorney lien in this case and asserted a right of first recovery, under Michigan Law, pursuant to a written referral contract. (ECF No. 31.) Dunn filed a motion to strike this lien (ECF No. 32) and a motion requesting attorney's fees from Fieger Law pursuant to 28 U.S.C. § 1927 (ECF No. 40). Marko then withdrew the lien. (ECF No. 39.)

Then, on September 28, 2020, Attorney Geoffrey Fieger, representing Fieger & Fieger, P.C. (Fieger Law), filed a notice of claim on the settlement (ECF No. 47), and a motion for a charging lien against the settlement in the *Dunn* case and an objection to Attorney Fielstra's Motion for Distribution  (ECF No. 48). To summarize a complicated set of facts, Fieger Law claims (1) that it had a referral agreement with the law firm of Ernst and Marko Law (EML), (2) that Fieger Law referred Dunn to

EML, (3) that Fieger Law is entitled to a referral fee from the settlement of the *Dunn* case based on the referral agreement because Attorney Kevin Ernst, who was a member of EML at the time of the execution of the referral agreement, essentially took the *Dunn* case with him to his new firm, ECL. Fieger Law sought to place a charging lien – an equitable remedy – against the settlement amount because the proposed settlement does not name Fieger Law as an interested party.[1]

---

[1] As explained by the Michigan Court of Appeals:

> There are two types of attorney's liens. A general, retaining, or possessory lien grants the attorney the right to retain possession of property of the client, including money and documents, until the fee for services is paid. *George v. Sandor M. Gelman, PC*, 201 Mich. App. 474, 476 (1993). A special or charging lien is "an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *Id.*

*Souden v. Souden*, 303 Mich. App. 406, 411 (2013). The "'[attorney charging] lien exists as part of the court's inherent power to oversee the relationship of attorneys, as officers of the court, with their clients.'" *Id.* (quoting *Kysor Indus. Corp. v. DM Liquidating Co.*, 11 Mich. App. 438, 445 (1968)). The lien will secure an "interest of the attorney in payment for his services and expenses on behalf of the client, but it is subject to the control of the court for the protection of the client and third parties as well." *Id.*

Regardless of which attorney lien (ECF No. 31, 48) Fieger Law intends to assert, Fieger Law never represented Dunn in this matter. In Fieger Law's letter to Dunn about representation, the firm stated that Dunn should understand that it would not represent Dunn in this matter. (ECF No. 41-3.) Instead, Fieger Law would be referring her matter to Attorney Marko and EML, and that the firm would receive legal fees if Dunn were to retain Attorney Marko or EML. But Fieger Law never represented Dunn. As a result, the undersigned concludes that Fieger Law likely does not have the authority under Michigan law to claim an attorney lien in this matter.

Fieger Law has since filed four motions to supplement to its original motion for a charging lien. (ECF Nos. 50, 52, 54, and 59.)

Dunn has filed a motion (ECF No. 53) asking the Court to strike Fieger's notice of a claim (ECF No. 47). Dunn's motion asserts that this Court does not have subject matter jurisdiction over Fieger Law's state law breach of contract claim.

This report and recommendation (R&R) addresses all of the motions relating to Fieger Law's involvement in this case.[2]

As an initial matter, the undersigned concludes that Dunn's motion to strike Fieger Law's attorney lien (ECF No. 32) is moot because Attorney Marko withdrew the lien (ECF No. 39), and that the filing of this original lien was neither baseless nor made in bad faith. Thus, the undersigned respectfully recommends that the Court deny Dunn's motion strike Fieger Law's attorney lien (ECF No. 32) and deny Dunn's request for attorney fees (ECF No. 40).

The more significant issue here is whether the Court will allow Fieger Law to litigate its breach of contract claim against Attorney Ernst and EML in the context of the *Dunn* case. First, the undersigned concludes that this Court does not have original jurisdiction over Fieger Law's breach of contract claim. Further, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over this claim, pursuant to 28 U.S.C. § 1367, because it predominates over the underlying wrongful death claim (the claim over which the district court has original

---

[2] The R&R does not address Dunn's motion seeking leave to settle the wrongful death claim and distribute proceeds (ECF No. 42), or the associated orders (ECF Nos. 45 and 46).

4

jurisdiction). Accordingly, the undersigned recommends that the Court deny Fieger Law's motion for a charging lien and objection to the distribution (ECF No. 48), and its motions to supplement this motion (ECF Nos. 50, 52, 54, and 59), and grant Dunn's motion to strike Fieger's notice of a claim (ECF No. 53).

## II. Dunn's Motion to Strike Fieger's Lien (ECF No. 32)

On August 26, 2020, Fieger withdrew its lien. (ECF No. 39.) Thus, Dunn's motion requesting the lien be struck is moot.

## III. Dunn's First Motion Requesting Attorney's Fees (ECF No. 40)

Dunn moves for an order directing Fieger Law to pay attorney fees because Fieger's attorney lien was baseless and unreasonably multiplied the proceedings. Dunn asserts that attorney fees are warranted under 28 U.S.C. § 1927. (ECF No. 40.)

In relevant part, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Sixth Circuit standard for imposing sanctions under Section 1927 was established in *Jones v. Continental Corp.*:

> 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for "unreasonable and vexatious" multiplication of litigation despite the absence of any conscious impropriety . . . Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

5

789 F.2d 1225, 1230 (6th Cir. 1986).

The imposition of sanctions pursuant to Section 1927 "require[s] a showing of something less than subjective bad faith, but something more than negligence or incompetence. Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citations omitted). "Bad faith is not required to support a sanction under § 1927." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009) (quoting *Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000)).

The undersigned concludes that Fieger Law's filing of an attorney's lien was not as baseless Dunn suggests. Dunn initially contacted Fieger Law to secure legal representation to initiate a lawsuit on Lancaster's behalf. (ECF No. 41-3.) Fieger Law explained to Dunn that it could not represent her at that time and referred Dunn to Ernst & Marko Law, PLC (EML), a firm that had a referral agreement with Fieger Law. (*Id.*) Subsequently, EML dissolved before this case was filed in federal court. EML's dissolution agreement states that Attorney Kevin Ernst and EML have the obligation to pay referral fees owed to Fieger on fees collected "on or after April 9, 2020." (ECF No. 40-3, PageID.536.) Since the dissolution, Attorney Ernst formed a new law firm – Ernst, Charara and Lovell (ECL) – which represents Dunn in the present matter. Although Attorney Ernst is a name partner in both EML and ECL,

he is not that attorney of record in the present matter. Attorney Hannah Fielstra, an attorney with ECL, is the attorney of record for Dunn.

Because EML's dissolution agreement states that Attorney Ernst and EML are liable for all referral fees owed to Fieger Law collected "on or after April 9, 2020", and because Attorney Ernst is a named partner in both EML and ECL, the undersigned concludes that the filing of an attorney lien was neither baseless nor done in bad faith. (ECF No. 40-3, PageID.536.) Consequently, the undersigned respectfully recommends that the Court deny Dunn's motion requesting attorney's fees (ECF No. 40).

**IV.    Fieger Law's Notice of a Claim (ECF No. 47), Motion for a Charging Lien and Objection to the Proposed Distribution of the Settlement (ECF No. 48), and Fieger Law's Motions to Supplement (ECF Nos. 50, 52, 54, and 59)**

Unlike state courts, federal courts are courts of limited jurisdiction and "are empowered to hear only those cases that are within the judicial power of the United States, as defined in the Constitution, and have been entrusted to them by a jurisdictional grant by Congress." 20 Charles Alan Wright & Mary Kay Kane, *Fed. Prac. & Proc. Deskbook* § 8 (2d ed. 2019). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*" *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). A "federal court's subject-matter jurisdiction is restricted, both by operation of the Constitution, and by federal statutes." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citing *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018)). "If the court determines at any

7

time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts presume a lack jurisdiction over all claims until the party seeking to bring the claims demonstrates appropriate grounds for subject matter jurisdiction. *Turner v. Bank of N. Am.*, 4 U.S. 8 (1799).

To rebut the presumption of a lack of jurisdiction, parties must plead facts that would establish jurisdiction. *Miller*, 949 F.3d at 990. Grounds for independent jurisdiction exists where the facts pled show that there is a federal question. *Id.* ("Federal-question jurisdiction exists when the cause of action arises under federal law"); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). In addition, Congress extended jurisdiction over state law claims where the parties possess diverse citizenship, and the amount of controversy exceeds $75,000. 28 U.S.C. § 1332.

In instances where the parties asserted a claim arising under federal law and/or the Constitution, Congress added that:

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution. Such supplemental jurisdiction shall include claims that involved the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The statute also provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>    (1) the claim raises a novel or complex issue of State law,

8

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The undersigned concludes that Fieger Law's breach of contract claim lacks an independent ground for subject matter jurisdiction for two reasons. First, Fieger Law failed to plead facts that show that its breach of contract claim raises an issue under federal law. That fact is highlighted by the Fieger Law's consistent citation to Michigan law as grounds for its charging lien. (*See* ECF No. 48.) Second, every party in this matter is a citizen of the State of Michigan. Consequently, Fieger Law cannot establish diversity jurisdiction under 28 U.S.C. § 1332.

Without an independent ground to establish jurisdiction, the question becomes whether the Court should exercise supplemental jurisdiction over Fieger Law's breach of contract claim. In *Kalyawongsa v. Moffett*, 105 F.3d 283, 287 (6th Cir. 1997), the court determined that federal courts may exercise jurisdiction over post-judgment attorney fee arrangements to resolve the controversies fully and fairly before them. Although not explicitly abrogated, the United States Supreme Court later held that claims to enforce settlement agreements must possess their own independent grounds for the exercise of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (holding that a district court does not have jurisdiction to enforce a settlement agreement merely because

9

the agreement was the premise of the court's dismissal of the suit that the agreement settled). As a result, there is an open question regarding the subject matter jurisdiction of the Court. *See Shapo v. Engle*, 463 F.3d 641 (7th Cir. 2006) (noting that there is an "inherent power of a court that has issued an injunction, even if that injunction ended the lawsuit, to enforce it, as by contempt proceedings"). Regardless, the Court's decision to exercise supplemental jurisdiction is within its discretion. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (holding that 28 U.S.C. 1367 allows district courts to exercise supplemental, but the statute "does not mean that the jurisdiction *must* be exercised in all cases").

The undersigned respectfully recommends that the Court decline to exercise supplemental jurisdiction for several reasons. First, and most importantly, Fieger Law's claim would substantially predominate over Dunn's wrongful death claim. 28 U.S.C. § 1367(a)(2). At this stage of the litigation, Dunn and Defendants have a proposed settlement that would terminate this case. Fieger Law's claim seeks to preclude that settlement in order to litigate a breach of contract claim that does not turn on the determination of any of the facts in Dunn's wrongful death claim. To resolve Fieger Law's claim, this Court may well have to hear testimony or conduct a trial even though Dunn's claims against Defendants are resolved. Clearly, Fieger Law's claims would substantially predominate over the claims over which this Court has original jurisdiction.

Relatedly, Fieger Law's claims will turn on potentially complex matters of state law. 28 U.S.C. § 1367(a)(1).

In addition, the Court must consider the efficiency of allowing this case to go forward. At this point, Fieger Law has already initiated a breach of contract claim against the partners of ECL in Wayne County Circuit Court. (*See* ECF No. 53-3.) In fact, Circuit Judge Sullivan entered an order on October 3, 2020 that requires ECL to "keep the entirety of the attorney fee portions of [this matter's distributed settlement] funds in a secure trust account and the funds shall not be used, disseminated, and/or distributed until further order of this Court." (ECF No. 55-2, PageID.844.)

Accordingly, the undersigned concludes that this Court should not exercise supplemental jurisdiction over Fieger Law's breach of contract claim. The undersigned respectfully recommends that the Court deny Fieger Law's motion for a charging lien and objection to the settlement (ECF No. 48) and deny all of Fieger Law's motions to supplement this initial motion (ECF No. 50, 52, 54 and 59).

### V. Dunn's Motion Requesting the Court to Strike Fieger's Notice of a Claim (ECF No. 53)

If the Court accepts the undersigned's recommendation, Fieger Law will no longer possess a claim in this case. Thus, the Court should grant Dunn's motion (ECF No. 53) to strike Fieger Law's notice of claim (ECF No. 47).

### VI. Recommendation

The undersigned respectfully recommends that the Court (1) deny Dunn's motion to strike Fieger Law's initial attorney lien (ECF No. 32) as moot, (2) deny Dunn's motion requesting attorney's fees from Fieger Law (ECF No. 40), (3) decline to exercise supplemental jurisdiction over Fieger Law's state law contract claim and

11

deny Fieger's motion requesting a charging lien (ECF Nos. 48) and motions to supplement (ECF No. 50, 50, 52, 54, and 59), and (4) grant Dunn's motion to strike Fieger Law's notice of a claim (ECF No. 53).

If the Court accepts this recommendation, Dunn's motion requesting leave to settle the wrongful death claim and distribute proceeds (ECF No. 42) and proposed orders (ECF No. 45, 46) will remain.

Dated:   November 6, 2020          /s/ *Maarten Vermaat*
                                    MAARTEN VERMAAT
                                    U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).